**UNITED STATES of America,**
**Appellee,**

v.

**Gilberto NUNEZ, Defendant–Appellant.**

No. 06–2412–cr.

United States Court of Appeals,
Second Circuit.

March 26, 2008.

Roland R. Acevedo, New York, NY, for Defendant–Appellant.

Eugene Ingoglia, Assistant United States Attorney (Daniel A. Braun, Assistant United States Attorney, of counsel; Michael J. Garcia, United States Attorney, on the brief), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee.

PRESENT: Hon. RALPH K. WINTER, Hon. CHESTER J. STRAUB, Hon. ROBERT A. KATZMANN, Circuit Judges.

68

## SUMMARY ORDER

Defendant–Appellant Gilberto Nunez appeals from an order of the United States District Court for the Southern District of New York (Charles L. Brieant, *Judge* ), entered on May 9, 2006, declining to resentence Nunez, who was convicted on a guilty plea of conspiring to commit money laundering in violation of 18 U.S.C. § 1956(h), following our *Crosby* remand, pursuant to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *See United States v. Crosby*, 397 F.3d 103 (2d Cir.2005), *cert. denied*, —— U.S. ——, 127 S.Ct. 260, 166 L.Ed.2d 202 (2006). We assume the parties' familiarity with the relevant procedural history, facts, and issues on appeal.

We review *de novo* a district court's interpretation of the Sentencing Guidelines, and we evaluate its findings of fact for clear error. *United States v. Rattoballi*, 452 F.3d 127, 132 (2d Cir.2006). We review for "reasonableness" the decision of a district court declining to alter a sentence following *Crosby* remand. *United States v. Williams*, 475 F.3d 468, 474 (2d Cir.2007). "Reasonableness review does not entail the substitution of our judgment for that of the sentencing judge. Rather, the standard is akin to review for abuse of discretion." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir.2006), *cert. denied*, —— U.S. ——, 127 S.Ct. 192, 166 L.Ed.2d 143 (2006); *see also Gall v. United States*, —— U.S. ——, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007).

■ Nunez first argues that the District Court should have granted him a three-level reduction pursuant to U.S.S.G. § 2X1.1(b)(2) because he did not complete or substantially complete the substantive offense underlying the conspiracy charge. At the original sentencing, the District Court refused to grant this reduction finding that "the crime was accomplished fully

... and that the crime was complete when the coconspirator physically moved the money." In adhering to its sentence, the District Court found that, at the time of his arrest on April 15, 2003, Nunez had over one million dollars of drug proceeds in his home and automobile—money which Nunez had received from coconspirators earlier that day, transported, and intended to pass to another coconspirator as soon as possible. Recently, we considered and rejected Nunez's argument, holding that "when a person accepts a transfer or delivery of funds, he has participated in the conclusion of that transfer or delivery, and has therefore conducted a transaction" pursuant to 18 U.S.C. § 1956(c)(2)-(3). *United States v. Gotti*, 459 F.3d 296, 335 (2d Cir.2006), *cert. denied sub nom., Ciccone v. United States*, —— U.S. ——, 127 S.Ct. 3001, 168 L.Ed.2d 726 (2007) (mem.). It is undisputed that Nunez accepted a transfer or delivery of funds. *Id.* Thus, Nunez conducted a money laundering transaction within the meaning of 18 U.S.C. § 1956. Because he "completed all the acts ... necessary ... for the successful completion of the substantive offense," he is not eligible for the reduction available under U.S.S.G. § 2X1.1(b)(2). The District Court did not err in refusing to grant such a reduction.

■ Nunez's second argument is that the District Court erred by increasing Nunez's offense level under U.S.S.G. § 2S1.1(b)(1), based on Nunez's knowledge or belief that the funds were drug proceeds. The Guidelines provide for an increase when the defendant "knew or believed that any of the laundered funds were the proceeds of, or were intended to promote" a controlled substance offense. U.S.S.G. § 2S1.1(b). A District Court may find that the knowledge element of § 2S1.1(b) is established if it "is persuaded that the defendant consciously avoided

learning that fact while aware of a high probability of its existence." *United States v. Finkelstein,* 229 F.3d 90, 95–96 (2d Cir.2000). The District Court did not clearly err in finding that Nunez either knew or consciously avoided knowledge of the money's provenance. Nunez told the arresting agents that the money came from drugs and admitted on the record that "[i]t doesn't take a rocket scientist to see" that the money came from drug-dealing and that he thought the money was drug money, but "never asked." Given these admissions, there was certainly enough evidence to support the District Court's finding that Nunez was "aware of a high probability" that he was laundering drug money but "consciously avoided learning that fact" by refusing to ask where the money came from. *See Finkelstein,* 229 F.3d at 95–96; *see also United States v. Reyes,* 302 F.3d 48, 54–55 (2d Cir.2002).

■ Nunez also argues that he served only a minimal or minor role in the conspiracy and should have received a mitigating role reduction under U.S.S.G. § 3B1.2. The inquiry into a defendant's role "depends upon the nature of the defendant's relationship to the other participants, the importance of the defendant's actions to the success of the venture, and the defendant's awareness of the nature and scope of the criminal enterprise." *United States v. Idowu,* 74 F.3d 387, 397 (2d Cir.1996) (internal quotation marks omitted). This inquiry is "highly fact-specific." *United States v. Carpenter,* 252 F.3d 230, 234 (2d Cir.2001).

We find that it was not error for the District Court to deny a mitigating role reduction. Nunez was critical to the conspiracy to launder money. Despite Nunez's contention that he was a "minimal participant" who lacked "knowledge and understanding of the scope and structure of the enterprise," he expressed an awareness that the criminal enterprise was laundering drug money, and that his coconspirators were the type of people who "kill families." Nunez knew the timing and location of drug shipments to New York, flew to Miami to learn how to launder money, and was entrusted with a huge sum of money. Given this information, the District Court did not need to "accept [the] defendant's self-serving characterizations of his role in an offense." *United States v. Shonubi,* 998 F.2d 84, 90 (2d Cir.1993).

■ The final argument advanced by Nunez is that the District Court violated 18 U.S.C. § 3553(a) by giving a harsher sentence than is necessary. It is clear from the record, however, that the District Court considered the applicable Guidelines range of 87 to 108 months, the Presentence Investigation Report, Nunez's statement of remorse, and the statements and letters of counsel. On remand, the District Court made specific reference to the statutory criteria of Section 3553(a), finding that the sentence "satisfies all the statutory criteria" and was "reasonable." The District Court then adhered to its original sentence, where it found that the sentence of 98 months properly reflected the fact that this crime was a "mainstream crime." We thus conclude that the District Court carefully considered the § 3553(a) factors, *see Rita v. United States,* —— U.S. ——, 127 S.Ct. 2456, 2463, 168 L.Ed.2d 203 (2007), *reh'g denied,* —— U.S. ——, 128 S.Ct. 19, 168 L.Ed.2d 795 (2007); *United States v. Verkhoglyad,* 516 F.3d 122, 127–28 (2d Cir.2008), and that the sentence was well within the broad range of reasonable sentences within the discretion of the District Court to impose, *see Fernandez,* 443 F.3d at 26.

We have considered all of the appellant's arguments and find them without merit.

Accordingly, the judgment of the District Court is AFFIRMED.